UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANCARLO MONDRAGON, | Case No. 1:24-cv-00887-EPG (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| UNKNOWN, | |
| Defendants. | (ECF No. 1) |

Plaintiff Giancarlo Mondragon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Along with his Complaint, Plaintiff included motion for appointment of counsel, supported by a Memorandum of Points and Authorities, and a Declaration. (ECF No. 1 at 49–45). Plaintiff cites several reasons why the Court should appoint counsel, such as inability to afford counsel, the need to engage in discovery and issue subpoenas, hindered law library access, and confusion regarding Rules of Civil Procedure applicable to this case. (*Id.* at 51, 55).

As Plaintiff himself acknowledges (*id.* at 53–54), he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain

1

exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

It is too early in this case to determine whether Plaintiff's likelihood of success on the merits is such that the interests of justice require the appointment of counsel. The Court has not yet screened Plaintiff's complaint. Further, after the review of Plaintiff's complaint, it appears that the legal issues involved are not extremely complex and that Plaintiff is able to articulate the facts underlying his claims.

Accordingly, the Court will deny Plaintiff's request for counsel without prejudice.

IT IS SO ORDERED.

Dated: __August 12, 2024__                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE