1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANCARLO MONDRAGON,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNKNOWN,<br><br>                    Defendants. | Case No. 1:24-cv-00887-EPG (PC)<br><br>ORDER TO SHOW CAUSE<br>WHY CERTAIN CLAIM(S) SHOULD NOT BE<br>DISMISSED AS BARRED BY FAVORABLE<br>TERMINATION RULE, WITHOUT PREJUDICE<br>TO PLAINTIFF FILING A PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Giancarlo Mondragon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed his complaint on July 26, 2024 against Unknown defendants, who are officers at Substance Abuse Treatment Facility and State Prison (SATF). (*Id.* at 2). Plaintiff alleges that procedural safeguards were violated during the search of his cell on October 24, 2023. (*Id.* at 3). When his cell was searched and contraband, including a cell phone, was found, Plaintiff received several Rule Violation Reports (RVRs). Plaintiff lost privileges, contact visits with family, and credits. (*Id.* at 31, 41, 42). Plaintiff may also be challenging his temporary detention in a holding cell. (*Id.* at 4).

It appears from the face of Plaintiff's complaint that he is directly challenging the validity of at least one RVR that resulted in the loss of good-time credits. If success on this claim would

necessarily change the duration of Plaintiff's confinement, that claim must be filed as a petition for writ of habeas corpus, rather than the current 1983 lawsuit. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (also known as "favorable termination rule"). Thus, to determine if success in this action would necessarily affect the duration of Plaintiff's confinement, the Court requires information regarding Plaintiff's sentence, specifically whether it is determinate (e.g., "six years"), indeterminate (e.g., "25 years to life"), or for life without parole.

It is also not clear whether Plaintiff is separately challenging his temporary detention, which is a claim that is proper to address in a 1983 lawsuit.

Accordingly, the Court will order Plaintiff to show cause why the claim(s) challenging RVRs should not be dismissed as barred by favorable termination rule, without prejudice to Plaintiff filing a separate petition for writ of habeas corpus based on the same claim(s). Alternatively, if Plaintiff believes that his claim(s) are barred by favorable termination rule, Plaintiff may file a notice of voluntarily dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). If Plaintiff's challenge to temporary detention presents a separate claim, he may also ask the Court to sever that claim and proceed in this case only on that claim.

Plaintiff must file a response within thirty days. If Plaintiff fails to file a response, this Court will recommend to an assigned district judge that claims challenging RVRs be dismissed, without prejudice to Plaintiff filing a petition for writ of habeas corpus.

## I.     LEGAL STANDARDS

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted). In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. *Muhammad v. Close*, 540 U.S. 749, 750–51 (2004).

Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82.

The Supreme Court has extended the Heck bar to § 1983 suits that would negate prison disciplinary proceedings that affect good-time credits where those good-time credits necessarily affect the duration of a Plaintiff's confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). A prisoner's challenge to a disciplinary hearing procedure must proceed as a writ of habeas corpus if judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. *Id.* at 646; *see also Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *Nettles v. Grounds*, 830 F.3d 922, 927–29 (9th Cir. 2016).

## II.   ANALYSIS

Here, it appears that Plaintiff is directly challenging the validity of an RVR that resulted in the loss of good-time credits. It thus may be barred by the favorable termination rule.

However, the Court cannot determine based on the complaint if restoration of those credits would necessarily affect the duration of Plaintiff's confinement. If Plaintiff is serving a determinate sentence for a fixed number of years,[1] success in this action would necessarily demonstrate the invalidity of Plaintiff's confinement or its duration. However, if Plaintiff is serving an indeterminate (e.g., "25 years to life") or life-without-parole sentence, success in this action would not affect the duration of his confinement.

---

[1] "A prisoner sentenced to a determinate term is released on parole upon expiration of his term as accelerated by any earned credits and does not receive parole based on a discretionary decision made by the Board at a hearing. … A prisoner sentenced to an indeterminate term of life with the possibility of parole must serve a minimum term of confinement before being eligible for parole, after which the Board is empowered to make the discretionary determination whether the prisoner is suitable to be released on parole." *In re Ernst*, No. F081386, 2022 WL 1401476, at *3 (Cal. Ct. App. May 4, 2022); *see also* Cal. Penal Code § 1170 (Determinate sentencing); *In re Dannenberg*, 34 Cal. 4th 1061, 1077, 104 P.3d 783, 790 (2005) (discussing the difference between determinate and indeterminate sentences).

1

### III.    CONCLUSION AND ORDER

2      Accordingly, **IT IS ORDERED** that Plaintiff has thirty days from the date of this order to

3  show cause why certain claims in this case should not be dismissed as barred by *Heck v.*

4  *Humphrey*, 512 U.S. 477 (1994), favorable termination rule.

5      Alternatively, if Plaintiff believes that his claims are barred by *Heck* favorable termination

6  rule, Plaintiff may file a notice of voluntarily dismissal pursuant to Federal Rule of Civil

7  Procedure 41(a)(1), without prejudice to Plaintiff later filing a petition for writ of habeas corpus

8  based on the same claims raised in his complaint in this case.

9      Plaintiff also may ask the Court to sever his claim challenging temporary detention and

10  proceed in this lawsuit only on that claim.

11      If Plaintiff fails to file a response, this Court will recommend to an assigned district judge

12  that claims challenging RVRs be dismissed.

13  IT IS SO ORDERED.

14

15  Dated:   **August 12, 2024**            /s/ *Erica P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28