UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANCARLO MONDRAGON,<br><br>        Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>        Defendants. | Case No. 1:24-cv-00887-EPG (PC)<br><br>ORDER GRANTING, IN PART, MOTION FOR SUBPOENAS AND REQUEST FOR RESPONSE<br><br>(ECF Nos. 19, 20)<br><br>SETTING NEW DEADLINE OF OCTOBER 3, 2025 TO FILE A MOTION TO SUBSTITUE NAMED DEFENDANTS IN PLACE OF DOE DEFENDANTS<br><br>(ECF No. 18, p. 2). |

Giancarlo Mondragon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed his complaint on July 26, 2024, against Doe Officer Defendants, who are officers at Substance Abuse Treatment Facility and State Prison (SATF). (*Id.* at 2). On October 3, 2024, the Court issued a screening order, finding that Plaintiff may proceed on his Eighth Amendment conditions of confinement claim against Doe Officer Defendants. (ECF No. 17). Noting that Plaintiff must identify and serve these Defendants to be able to proceed against them, the Court entered an order on October 4, 2024, authorizing Plaintiff to issue subpoenas *duces tecum*. (ECF No. 19).

Now before the Court are two filings from Plaintiff: (1) a motion for subpoenas that the Court construes as requesting to serve returned subpoena documents; and (2) a request for a response as to whether the Court received the subpoena documents. (ECF Nos. 19, 20).

The Court will grant the motion and request, in part. As explained further below, the Court acknowledges that it received the subpoena documents but will require Plaintiff to fill out new subpoena documents because his are deficient. Lastly, to allow Plaintiff sufficient time to identify and serve the Doe Officer Defendants, the Court will extend Plaintiff's deadline to file a motion to substitute named defendants in place of Doe Officer Defendants.

The Court begins by providing Plaintiff specific instructions for filling out the subpoena documents, and in these instructions, it will identify some of the deficiencies in the documents that he returned.  Importantly, when completing these subpoena forms, Plaintiff should only request documents that may assist him in identifying the Doe Officer Defendants.

On the AO 88B form, in the section that begins with "To: (*Name of person to whom this subpoena is directed*)," Plaintiff should identify only one person or entity that he is seeking the documents from. Currently, Plaintiff lists multiple recipients on a single form, including "Director Howard Mosely," "Chief S. Gates," and "Administrators, Heirs, and Executors."[1] (ECF No. 19, p. 13). Because Plaintiff is seeking information about employees at SATF, SATF appears to be the logical recipient of the subpoena.

In the blank space between the lines starting with "production" and "place," Plaintiff should identify the documents he is seeking that would assist him in identifying and serving the Doe Officer Defendants, such as any documents related to identities of people matching their descriptions, or names and addresses of the officers on duty the day of the alleged incident.[2]

The "place" and date and "time of the production" boxes refer to the date on which the documents should be produced to the Plaintiff and the address of where the documents should be sent, such as the place of Plaintiff's incarceration or his residence. Plaintiff appears to have

---

[1] The Court has made minor alterations to Plaintiff's quotations and the cited subpoena forms, such as omitting capitalization, without indicating each change.

[2] Safety and security concerns may arise in providing a prisoner with information containing the address of a staff member. Therefore, the Court will permit responsive documents to be provided to the Court *in camera* via email at EPGorders@caed.uscourts.gov. Once the Court receives the information, the Court will direct the United States Marshal's Service (USM) to serve the Doe Officer Defendant and will also direct it to keep the address confidential.

mistakenly put the address for where the USM should serve the subpoena documents as opposed to the place where they should be returned to him.

Additionally, the Court notes that the subpoena documents were entered on the docket on November 6, 2024, but Plaintiff put a time of production for October 26, 2024—*i.e.*, before the Court could have even approved the subpoena documents for service. Plaintiff is advised that a court may quash a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Although reasonable time is not defined, given that the Court must review the documents once returned, and then have the USM serve them, it concludes that Plaintiff <u>must allow at least 60 days</u> from the date he mails the documents to the Court to allow the person or entity to comply with the subpoena.

Plaintiff should <u>not</u> fill out Proof of Service section of the AO 88B form, it will be completed by the USM after it serves the subpoenas. Similarly, Plaintiff should not fill out the section of the USM-285 form that is marked "Space Below for Use of U.S. Marshal Only – Do Not Write Below this Line."

The "Serve At" Section on the USM-285 form should match "To:" section on the AO 88B form, providing the name and address of the person or entity to whom subpoena is directed, such as SATF.

Once Plaintiff has completed and returned forms AO 88B and USM-285, the Court will review the documents and, if they are properly completed, will direct the USM to serve them. The Court notes that it may limit Plaintiff's request for production of documents.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's motion for subpoenas (ECF No. 19) and request for response (ECF No. 20), are granted, in part, to the extent that the Court acknowledges the returned subpoena documents and will permit Plaintiff to issue new ones.

2. The Clerk of Court is directed to send Plaintiff three copies of form AO 88B (a subpoena form) and three copies of form USM-285 (a United States Marshals form for process receipt and return).

3. Plaintiff has thirty days from the date of this order to complete and return forms AO 88B and USM-285.

4. Plaintiff has until October 3, 2025, to file a motion to substitute named defendants in place of the Doe Officer Defendants. Failure to comply with this deadline will result in dismissal of this case.

IT IS SO ORDERED.

Dated:    **June 5, 2025**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

4