UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANCARLO MONDRAGON,<br><br>Plaintiff,<br><br>v.<br><br>SGT. J. MARTIN, et al.,<br><br>Defendants. | Case No. 1:24-cv-00887-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 37 & 45)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Giancarlo Mondragon is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on July 26, 2024 against Doe defendants, who are officers at Substance Abuse Treatment Facility and State Prison (SATF). (ECF No. 1 at 2). Plaintiff alleges that he was subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment. (*Id.*).

On October 3, 2024, the Court screened the complaint and found that Eighth Amendment conditions of confinement claim against Doe officers should proceed past screening. (ECF No. 17 at 2, 6). The Court later allowed Plaintiff to substitute Defendants Sgt. J. Martin, M. Ayon, D. Crane, and Sgt. Reyes for the Doe Defendants. (ECF No. 27 at 2).

Before scheduling the case, the Court issued an order on January 8, 2026, requiring the parties to submit scheduling and discovery statements within thirty days. (ECF No. 37). The Court ordered parties to address issues such as the names and addresses of each fact witness

that may be called at trial, the category and location of all documents the party may use at trial, when the parties will be prepared to participate in a settlement conference, whether any third parties, other than Plaintiff's institution of confinement, are likely to have relevant documents, and whether a party intends to use expert witnesses. (*Id.* at 2-3). This information would allow the Court to prepare a scheduling order and a discovery order to secure the just, speedy, and inexpensive disposition of this action. *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice.  There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

Defendants filed their Scheduling and Discovery Statement on February 5, 2026. On February 9, 2026, Plaintiff filed a motion requesting a 90-day extension of time to file his schedule and discovery statement. (ECF No. 40). Plaintiff stated that he "has been [temporarily] transferred out to court from Kern Valley State Prison [KVSP] to the [Orange County] Jail," and had to leave his legal documents and personal copies of the complaint at KVSP. (*Id.* at 1). The Court granted Plaintiff's request for extension of time to May 12, 2026 but stated that "this date should be considered firm."[1] (ECF No. 45 at 2).

Plaintiff's extended deadline has passed, and Plaintiff has failed to file his schedule and discovery statement or otherwise communicate with the Court. Therefore, the Court will recommend that this case be dismissed, without prejudice, for failure to comply with Court orders and to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest

---

[1] The Court also noted that Plaintiff was not required to include any legal research or submit any evidence as part of his statement.

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Id*. Plaintiff's failure to file a scheduling and discovery statement is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case and has failed to comply with court orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use. As Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**June 1, 2026**__          ___/s/ Erica P. Grosjean___
UNITED STATES MAGISTRATE JUDGE